

# IN THE
## TENTH COURT OF APPEALS

### No. 10-19-00187-CV

### IN THE INTEREST OF A.L.F. AND M.L.F., CHILDREN

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2018-1048-3**

## MEMORANDUM OPINION

Brittney G. and Andre F. appeal from a judgment that terminated the parent-child relationship between them and their children, A.L.F. and M.L.F. Brittney and Andre complain that the trial court abused its discretion by refusing to allow testimony by Brittney relating to alleged drug use by the individual with whom the children were placed and who intended to adopt the children after the termination.[1] Because we find that the issue was not properly preserved by either party, we affirm the judgment of the

---

[1] Brittney and Andre have filed separate briefs in this proceeding; however, they each raise the same general complaint regarding the exclusion of testimony. Neither party challenges the sufficiency of the evidence to support the judgment.

trial court.

During direct examination by her trial counsel, Brittney was asked about marijuana use by Erica, the individual with whom the children had been placed by the Department of Family and Protective Services. Brittney testified about her observations of Erica rolling cigars with marijuana in them and smoking marijuana on multiple occasions before and during the pendency of the proceedings without objection. This continued until Brittney stopped going over to Erica's residence more than four months prior to the final trial. During this questioning, the following exchange led up to the objection at issue in this appeal:

> COUNSEL FOR BRITTNEY: And did you try to tell [the caseworker] about the marijuana before or after that incident?
>
> BRITTNEY: I mean, Andre told them before this case even started. And then when I tell them, she never, like, picked up the phone or nothing. So I just left it alone.
>
> COUNSEL FOR BRITTNEY: If she didn't pick up the phone, how did you tell her?
>
> STATE: Your Honor, I'm going to object to this line of questioning—
>
> BRITTNEY: I never did tell her—
>
> TRIAL COURT: Ma'am, when there's an objection, you've got to stop talking. Okay?
>
> STATE: —as being irrelevant to the matters.

The parties then had a discussion regarding why Erica's drug use had not been mentioned to the trial court earlier in the proceedings. The trial court ultimately ruled

that she would allow Brittney's trial counsel to ask her why she never told the caseworker but would otherwise sustain the State's objection. Brittney was never asked why she did not tell the caseworker and was asked no further questions about Erica's alleged marijuana use at that time. No offer of proof was made as to the substance of the testimony that would have been presented.

A short time later, Brittney's trial counsel asked her if she had spoken to the caseworker about an "XO" pill. Brittney said that she had told the caseworker a few days before the mediation which took place between the parties. The trial court interrupted the questioning to inquire whether the allegation of drug use by Erica had been mentioned at the mediation. In response to the trial court, Brittney's trial counsel stated that he had told the caseworker after the mediation and could recall her to testify about their discussion later. The trial court verified that the allegations of illegal drug use by Erica were known to everyone at the mediation, which had taken place less than a week prior to the first day of the final trial in this proceeding. No party objected to any testimony or was prevented from asking further questions at that time. No objection or offer of proof was made regarding the "XO" pill and it was not referred to again.

In each party's sole issue, Brittney and Andre complain that the trial court erred by not allowing testimony about illegal drug use by Erica. However, as the excerpt above establishes, Brittney was not prevented from asking about Erica's alleged drug use. The question to which the State objected referred to notice to the Department. Brittney was

allowed to testify at some length about marijuana use by Erica. Additionally, after the State's objection, Brittney's trial counsel did not attempt to ask her why she did not tell the caseworker after the trial court had stated that the question would be allowed.

Further, in order to preserve error regarding any other alleged drug use by Erica, Brittney and Andre were each required to inform the trial court of the substance of the excluded evidence by an offer of proof, which neither of them did. *See* TEX. R. EVID. 103(a)(2). Because of this, we are unable to determine what additional evidence would have been offered and cannot determine whether the evidence would have been admissible or not. Brittney and Andre's complaints were not properly preserved. We overrule Brittney's sole issue and Andre's sole issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis,* and
    Justice Neill
    *(Justice Davis concurs without opinion)
Affirmed
Opinion delivered and filed August 14, 2019
[CV06]

